SCANNED

FILED
BILLINGS DIV.

2010 JAN 21 PM 3 13

PATRICK E. DUFFY, CLERK
BY _____
　　DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| NATHAN M. BLAYLOCK, | ) |
| | ) CV-07-174-BLG-RFC |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER ADOPTING FINDINGS |
| AMTRAK RAILROAD, | ) AND RECOMMENDATIONS OF |
| | ) U.S. MAGISTRATE JUDGE |
| Defendant. | ) |
| | ) |

On November 3, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 27*) with respect to Defendant's Motion for Summary Judgment (*Doc. 18*). Magistrate Judge Ostby recommends that the Motion for Summary Judgment be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed objections on December 2, 2009, and December 28, 2009.

1

Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Plaintiff's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Blaylock's medical records indicate that he had folliculitis/ furunculosis/multiple abscesses caused by methicillin resistant Staphylococcus aureus on his buttocks. (Court Doc. 20: Amtrak Facts, ¶ 7 citing Court Doc. 20-3: Aff. Camilla Saberhagen, M.D., F.A.C.P. p. 2, ¶ 5). Blaylock denied having a previously infection like this. (Court Doc. 20: Amtrak Facts, ¶ 2 citing Depo. Blaylock 41). However, medical records from St. Vincent's Healthcare in Billings, Montana, indicate he was diagnosed with a Staphylococcus aureus infection in his left arm in August 2006, only six months before the events alleged in his Complaint. (Court Doc. 20: Amtrak Facts, ¶ 8 citing Court Doc. 20-3: Aff. Saberhagen ¶ 6; Court Doc. 20-3 exhibits: St. Vincent Healthcare records at SV-44, 46, 51, 52, 58 and 67).

Amtrak, with the medical testimony of Camilla Saberhagen, M.D., F.A.C.P., has met their burden of demonstrating the absence of any genuine issue of material

fact regarding the causation of Mr. Blaylock's infection. The burden thus shifted to Mr. Blaylock to demonstrate there is a genuine issue for trial. Mr. Blaylock alleged in his Complaint that the infection was caused from Amtrak's unmaintained toilet seat and the failure to provide protective covers for the toilet seat. (Court Doc. 1: Complaint, p. 4). However, Blaylock "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Although Blaylock has alleged that the infection was caused by sitting on the toilet seat, he has presented no competent evidence to support that allegation. Blaylock's own testimony that he believes the infection came from the train toilet seat is not sufficient given he is not a medical expert and cannot give a medical opinion. In his response, Mr. Blaylock lists all the evidence he has to prove his injuries. But it is undisputed that Mr. Blaylock had an infection which required medical treatment. What is disputed is how he got that infection. Amtrak presented expert medical testimony that he could not have gotten the infection from the toilet seat. Mr. Blaylock did not present competent evidence to dispute that opinion.

Mr. Blaylock has not come forward with any evidence that creates

3

a triable issue of fact for trial as to whether the infection was caused by the Amtrak toilet seat.

Therefore, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (*Doc. 18*) is GRANTED. The Clerk of Court is directed to enter Judgment in favor of Defendant and close this case.

The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Blaylock failed to produce evidence to create a triable issue of fact, and as such no reasonable person could suppose that an appeal would have merit.

DATED this 21 day of January, 2010.

/s/ Richard F. Cebull

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

4